UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Roscoe Franklin, | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| v. | : | No. |
| | : | |
| GE Financial Assurance Company, | : | |
| | : | |
| Defendant. | : | |

**NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C.A. §§ 1441 et. seq., and § 1332 (a)(1), Defendant, General Electric Capital Assurance Company, incorrectly identified in the caption as GE Financial Assurance Company ("Defendant"), hereby files a Notice of Removal of this civil action from the Court of Common Pleas, Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.  In support of this Notice of Removal, Defendant avers as follows:

1.   On March 25, 2002, Plaintiff, Roscoe Franklin ("Plaintiff"), filed a Complaint with the Philadelphia County Court of Common Pleas, captioned Roscoe Franklin v. GE Financial Assurance Company, March Term, 2002, Case No. 003541.  A copy of the Complaint is attached hereto as Exhibit "A."

2.   On May 3, 2002, Plaintiff reinstated his Complaint.

3.   On May 9, 2002, Plaintiff caused a copy of his reinstated Complaint to be served upon Defendant.

4. This case is being removed within 30 days after receipt of the Complaint by Defendant, the Complaint constituting the first paper from which it could be determined that this case was removable. See 28 U.S.C.A. § 1446(b). Defendant therefore timely files this Notice of Removal under 28 U.S.C.A. § 1446(b).

5. In his Complaint, Plaintiff asserts claims against Defendant arising out of Defendant's payment of insurance benefits to Plaintiff under an accidental death and dismemberment insurance policy insuring Plaintiff and his family. Plaintiff asserts claims for (1) breach of contract; (2) bad faith pursuant to 42 Pa. C.S.A. § 8371; and (3) violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law, 73 Pa. S. § 201-1 et. seq. (See Complaint.)

6. This Court has original jurisdiction pursuant to 28 U.S.C.A. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff is a citizen of Pennsylvania who resides at 5212 Diamond Street, Philadelphia, PA 19131. (Complaint, § 1)

8. Defendant is a corporation organized under the laws of the State of Delaware and has its principal place of business in Richmond, Virginia.

9. Accordingly, for diversity purposes, Plaintiff is a citizen of the Commonwealth of Pennsylvania; and Defendant is a citizen of the State of Delaware and the Commonwealth of Virginia. Thus, there is complete diversity between the parties. See 28 U.S.C.A. § 1332(c).

10. Based on the allegations of the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. While Plaintiff seeks contractual damages in the

amount of $24,200, he also seeks punitive damages, attorneys' fees and treble damages, which are recoverable under Plaintiff's statutory claims. (See Complaint, Count II and Count III). Indeed, Pennsylvania's Bad Faith Statute, 42 Pa. C.S.A. § 8371 -- plaintiff's theory under Count II of the Complaint -- authorizes punitive damages and attorneys' fees; and Pennsylvania's Unfair Trade Practice and Consumer Protection Law -- plaintiff's theory under Count III of the Complaint -- authorizes treble damages and attorneys' fees. Accordingly, Counts II and II of Plaintiff's Complaint seek damages in excess of $75,000, exclusive of interest and costs.

11. The United States District Court for the Eastern District of Pennsylvania is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a).

12. There being complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy being in excess of $75,000, exclusive of interest and costs, this action is a matter over which the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction, pursuant to 28 U.S.C.A. § 1332(a)(1).

13. Contemporaneous with the filing of this Notice of Removal, written notice has been served upon Plaintiff, through his counsel of record, and a copy of the Notice of Removal has been filed with the Prothonotary for the Court of Common Pleas for Philadelphia County, Pennsylvania, as provided by 28 U.S.C.A. § 1446(d).

14. True and correct copies of this Notice of Removal will be filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania.

**WHEREFORE**, notice is given that this action is removed from the Court of Common Pleas of the First Judicial District of Pennsylvania (Philadelphia County) to the United States District Court for the Eastern District of Pennsylvania.

Dated: May _____, 2002

Respectfully submitted,

ECKERT SEAMANS CHERIN
 & MELLOTT, LLC

By: _____
Heather E. Rennie
Attorney I.D. No. 69715
1515 Market Street, Ninth Floor
Philadelphia, PA  19102
(215) 851-8400

Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May _____, 2002, I served a true and correct copy of the foregoing Notice of Removal via first class mail, postage pre-paid, upon the following counsel of record:

>Robert J. Sugarman
>Louis N. Marks
>100 North 17th Street
>Robert Morris Building, 11th Floor
>Philadelphia, PA  19103

_____
Heather E. Rennie

M0359995