UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Roscoe Franklin, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | No.  02-CV-3359 |
| | : | |
| GE Financial Assurance Company, | : | Judge O'Neill |
| | : | |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
<u>DEFENDANT GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY</u>**

Defendant, General Electric Capital Assurance Company, incorrectly identified in the caption as GE Financial Assurance Company ("GECA" or "Defendant"), by and through its counsel, hereby answers the Complaint of Plaintiff, Roscoe Franklin ("Plaintiff") as follows:

1. GECA admits the allegations of Paragraph 1 of the Complaint.

2. GECA admits in part and denies in part the allegations of Paragraph 2 of the Complaint.  GECA admits that it is registered to do business in Pennsylvania and that its agent in Pennsylvania for purposes of service is C.T. Corporation System, 1635 Market Street, Philadelphia, PA  19103.  GECA denies the remaining allegations of Paragraph 2.  By way of further response, GECA states that it is a Delaware corporation with its principal place of business in Richmond, Virginia.

3. GECA admits in part and denies in part the allegations of Paragraph 3 of the Complaint.  GECA admits that it does business in Philadelphia County, admits that it has issued insurance policies to insureds located in Philadelphia County, and admits that it has handled claims under such policies in Philadelphia County.  GECA denies the remaining allegations of Paragraph 3.

4.     GECA denies the allegations of Paragraph 4 of the Complaint. By way of further response, GECA states that AMEX Life Assurance Company ("AMEX") issued a Group Accident Insurance Policy to Scott Federal Credit Union, bearing policy number DVA 525 3838, which was effective October 1, 1991 (the "Policy"). GECA further states that GECA is the successor-in-interest to AMEX.

5.     GECA admits in part and denies in part the allegations of Paragraph 5 of the Complaint. GECA admits that a copy of the Policy, with Riders Nos. 1 and 2, is attached to the Complaint as Exhibit A. GECA denies the remaining allegations of Paragraph 5. By way of further response, GECA states that Plaintiff, as a member of Scott Federal Credit Union, was insured under the Policy for $1,000 and had the opportunity to elect additional coverage for himself and his family, pursuant to the terms of the Policy. Plaintiff purchased additional accidental insurance coverage under the Policy for himself and selected the Family Plan, which provided certain insurance coverage for his spouse, Blanche Franklin.

6.     GECA admits the allegations of Paragraph 6 of the Complaint.

7.     GECA states that the allegations of Paragraph 7 of the Complaint refer to the Policy, which is a written document, whose content speaks for itself. To the extent that the allegations of Paragraph 7 contradict the contents of the Policy, such allegations are denied. GECA denies any allegation or inference that any provision of the Policy may be read in isolation from the other provisions of the Policy. To the contrary, the Policy must be read as a whole.

8.     GECA denies the allegations of Paragraph 8 of the Complaint.

9.     GECA denies the allegations of Paragraph 9 of the Complaint.

10.    GECA denies the allegations of Paragraph 10 of the Complaint.

11. GECA denies the allegations of Paragraph 11 of the Complaint.

12. GECA admits the allegations of Paragraph 12 of the Complaint.

13. GECA admits in part and denies in part the allegations of Paragraph 13 of the Complaint. GECA admits that it paid Plaintiff the sum of $9,900. GECA denies the remaining allegations of Paragraph 13.

## Count I - BREACH OF CONTRACT

14. GECA incorporates herein by reference Paragraphs 1 through 13 above, as if set forth in full herein.

15. GECA denies the allegations of Paragraph 15 of the Complaint.

16. GECA denies the allegations of Paragraph 16 of the Complaint.

WHEREFORE, Defendant, General Electric Capital Assurance Company, requests that judgment be entered in its favor on the Complaint and that it be awarded costs and such other relief as the Court deems appropriate.

## Count II - BAD FAITH

17. GECA incorporates herein by reference Paragraphs 1 through 16 above, as if set forth in full herein.

18. GECA denies the allegations of Paragraph 18 of the Complaint.

19. GECA denies the allegations of Paragraph 19 of the Complaint.

20. GECA denies the allegations of Paragraph 20 of the Complaint.

21. GECA denies the allegations of Paragraph 21 of the Complaint.

WHEREFORE, Defendant, General Electric Capital Assurance Company, requests that judgment be entered in its favor on the Complaint and that it be awarded costs and such other relief as the Court deems appropriate.

### Count III - UNFAIR COMPETITION AND CONSUMER FRAUD

22. GECA incorporates herein by reference Paragraphs 1 through 21 above, as if set forth in full herein.

23. GECA denies the allegations of Paragraph 23 of the Complaint.

24. GECA denies the allegations of Paragraph 24 of the Complaint.

25. GECA denies the allegations of Paragraph 25 of the Complaint.

26. GECA denies each and every allegation of the Complaint that is not specifically admitted in Paragraphs 1 through 25 above.

WHEREFORE, Defendant, General Electric Capital Assurance Company, requests that judgment be entered in its favor on the Complaint and that it be awarded costs and such other relief as the Court deems appropriate.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27. The Complaint fails to state a claim upon which relief may be brought.

### SECOND AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by the provisions of the Policy.

### THIRD AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the doctrines of release and/or accord and satisfaction.

**FIFTH AFFIRMATIVE DEFENSE**

31. GECA at all times acted in good faith in the processing, investigation and payment of the claim for insurance benefits submitted to GECA by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

32. Plaintiff's claims are barred by the applicable statute of frauds and the parol evidence rule.

**SEVENTH AFFIRMATIVE DEFENSE**

33. GECA's agents, employees and representatives lack any express, implied or apparent authority to vary the terms of the Policy, as Plaintiff knew or should have known.

**EIGHTH AFFIRMATIVE DEFENSE**

34. Any damages suffered by Plaintiff were not caused by any conduct on the part of GECA.

**NINTH AFFIRMATIVE DEFENSE**

35. GECA has acted, throughout its dealings with Plaintiff, in good faith and with due care.

**TENTH AFFIRMATIVE DEFENSE**

36. Plaintiff's claims are barred by his assumption of the risk.

WHEREFORE, Defendant, General Electric Capital Assurance Company, requests that judgment be entered in its favor on the Complaint and that it be awarded costs and such other relief as the Court deems appropriate.

Dated: June _____, 2002                    Respectfully submitted,

                                            ECKERT SEAMANS CHERIN
                                              & MELLOTT, LLC


                                    By:    _____
                                            Heather E. Rennie
                                            Attorney I.D. No. 69715
                                            1515 Market Street, Ninth Floor
                                            Philadelphia, PA  19102
                                            (215) 851-8400

                                            Attorney for Defendant

# CERTIFICATE OF SERVICE

     I hereby certify that, on June _____, 2002, I served a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant General Electric Assurance Company via first class mail, postage pre-paid, upon the following counsel of record:

> Robert J. Sugarman
> Louis N. Marks
> 100 North 17th Street
> Robert Morris Building, 11th Floor
> Philadelphia, PA  19103

 

_____
Heather E. Rennie

M0360752