```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                                    :
ROSCOE FRANKLIN                     :
          Plaintiff,                :
                                    :
     v.                             :      NO. 02-CV-3359
                                    :
G E FINANCIAL ASSURANCE             :
COMPANY                             :
          Defendant.                :
                                    :
```

### PLAINTIFF'S MOTION TO COMPEL ANSWERS TO PLAINTIFF'S AMENDED INTERROGATORIES AND REQUEST FOR PRODUCTION - SET I

Plaintiff hereby moves that the Court order the defendant, General Electric Capital Assurance Company ("GE"), to answer fully and produce documents in response to Plaintiffs' Amended Interrogatories and Request for Production - Set I, and avers in support thereof as follows:

1.  This case involves a dispute over the amount of benefit payable on the accidental death section of a life insurance policy for which plaintiff was an insured and defendant is the insurer.

2.  The accidental death and dismemberment benefit is a discrete policy section. It states:

> When an Insured Person's injury results in one of the losses stated below within 1 year of the date of the accident, We will pay the percentage of the Principle Sum stated for such loss. In Pennsylvania, the time limit specified shall not apply to the loss of life benefit. Only one benefit, whichever is greatest, will

>   be paid for all losses which result from any one accident.
>
>   Loss of Life................................100%

3. GE admits that it is liable for payment of a benefit pursuant to the policy, but GE alleges that benefit due on the policy is only a partial benefit because of language in other sections of the policy whereas plaintiff relies on the accidental death and dismemberment section.

4. The issue is whether the accidental death benefit is to be modified by separate sections.

5. Accordingly, plaintiff served sixteen amended interrogatories on September 27, 2002 regarding the development and interpretation of the language in the policy. (Amended Interrogatories attached hereto as Exhibit A).

6. Pursuant to F.R.C.P. Rule 33(b)(3), parties must answer all interrogatories that seek relevant information within 30 days.

7. Defendant objected to all interrogatories except 14 and 16 asserting the same boilerplate objection as to relevance and scope. (Answers and Objections attached as Exhibit B).

8. Information need not be admissible at the trial to be discoverable; Interrogatories seek relevant information if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. Rule 26(b)(1).

9. All of the interrogatories at issue sought relevant

information, generally concerning the structure and history of the policy language in dispute.

10. Interrogatory 1 states  Identify and describe in detail the manner in which the  Benefit Provision ADD - Accidental Death and Dismemberment Benefit  sectionof your policy (attached hereto as Exhibit A) was developed and approved.  This separate benefit provision promises 100% coverage for loss of life.

11. Interrogatory 2 states  Did any Pennsylvania state agency approve and/or review the policy language in Exhibit A? If so, and unless the answer is an unqualified negative, please identify each such agency, the responsible official(s), and identify and produce all documents constituting and/or associating with all such submissions, reviews, and/or approvals.

12. Interrogatory 3 states  Please state whether the policy language attached hereto as Exhibit A is and/or was used in policies other than employer group policies.  Unless the answer is unqualified no, please describe the types of policies (markets and time framing, in which such policies language was sold).

13. Beyond its objection, GE states that the policy language has never been used for any employer group policies. This is non-responsive.

14. Interrogatory 4 states  Please describe in detail all communications with Scott Paper Federal Credit Union, from 1980

(inception of policy) whichever was earlier, to the present. (October 1, 1991).

15.  Interrogatory 5 states   Please identify all representatives of Scott Paper Federal Credit Union with whom GE (including its predecessors) had any communications relating to the policy, at any time from 1980 or the inception date, whichever is earlier, to the present.

16.  Interrogatory 6 states   Please state the date when the language attached as Exhibit A became a part of any GE Capital (including its predecessors) policy.

17.  Interrogatory 7 states   Please state whether the language is still enforced in any policies other than for Scott Paper Federal Credit Union.

18.  Interrogatory 8 states   Please identify all cases in which GE Capital (including its predecessors) has rejected full benefit coverage under this policy language attached hereto as Exhibit A.

19.  Interrogatory 9 states   Please identify each and every dispute (including the names and addresses of the disputants/claimants in regard to each such dispute).

20.  Interrogatory 10 states   With respect to each dispute identified in the prior interrogatory, and the extent not included in prior interrogatory, please identify all litigation in which the application and/or interpretation of the language in

Exhibit A (and/or any such language and/or Exhibit A) was involved.

21. Interrogatory 11 states  Please identify each lawsuit in which the interpretation and/or application of Exhibit A was disputed and/or involved.  Identification includes court term and number, names of parties, and the court involved.

22. Interrogatory 12 states  Please state the outcome of each litigation and/or other dispute identified in all of the prior interrogatories.

23. Interrogatory 13 states  Please state all cases in which GE Capital has been held liable for punitive damages and/or for bad faith.

24. Interrogatory 14 states  Please state and describe in detail the exact reasons why you contend that the plaintiff is not entitled to full policy coverage.  If you contend plaintiff is entitled to full policy coverage, please explain in detail why $9,900.00 dollars constitutes full policy coverage, and/or what you have not paid full policy coverage, as the case may be.

25. Interrogatory 15 states  Did any Pennsylvania state agency approve and/or review the policy language relied on in your answer to interrogatory 14?  If so, and unless the answer is an unqualified negative, please identify each such agency, the responsible official(s), and identify and produce all documents constituting and/or associating with all such submissions,

reviews, and/or approvals.

26.  Interrogatory 16 states  Please identify all personnel involved in the processing of the claim of plaintiff.

27.  Defendant answered 14 and 16  subject to the general objections and reservations.

28.  If a party objects to an interrogatory, the objection must be specific.  To the extent that the defendant refused to fully answer 14 and 16 and/or identify any personnel involved in the processing of the plaintiff s claim, such objection is improper.  Moreover, such information is expressly required to be disclosed without interrogatory by F.R.C.P. 26(a)(1)(A).

29.  Plaintiff attempted to resolve this discovery dispute without involving the Court, but was not successful.

30.  Counsel for Plaintiff wrote Heather Rennie, Esquire, counsel for defendant who signed the response, and requested that she reconsider her position. (Attached hereto as Exhibit C).

31.  By letter of Eric M. Fink, Esquire, dated October 30, 2002, defendant refused, stating that it would stand by the objections. (Attached hereto as Exhibit D).

32.  Defendant s objections are without merit and in violation of the Federal Rules of Civil Procedure.

WHEREFORE, plaintiff moves that the Court order defendant to fully answer all interrogatories and produce documents in

response to Plaintiff s Amended Interrogatories and Request for Production of Documents - Set I.

                                                    ROBERT J. SUGARMAN
                                                   CARL W. EWALD
                                                   Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500


Dated:  March 4, 2003