**SUGARMAN & MARKS**
**By: ROBERT J. SUGARMAN, ESQUIRE**
Identification No: 03332
**CARL W. EWALD, ESQUIRE**
Identification No: 85639
100 N. 17th Street - 11th Floor     Attorneys for Plaintiff
Philadelphia, PA 19103
(215) 864-2500
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **ROSCOE FRANKLIN** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-CV-3359 |
| | : | |
| **GE CAPITAL ASSURANCE COMPANY** | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure Rule 15(a), Plaintiff, Roscoe Franklin, by and through undersigned counsel, hereby moves that the Court grant leave to amend the Complaint and avers in support thereof as follows:

1. In this removed case, the benefit payable on defendant s accidental death policy under which plaintiff s decedent wife was an insured, is in dispute.

2. In the Complaint, the issue stated was interpretation of policy language providing for  full payment  of $31,000, versus language providing for reductions after age 70 for spouses

lives, i.e. $9,900.

    3.    Plaintiff has pursued discovery, and recently obtained additional evidence that the coverage amount of the policy was $131,000.

    4.    Amendment is required to reflect the new evidence which supports this claim and demand the actual coverage amount of the policy.

    5.    The new information was not available to plaintiff at the time of filing suit.

    6.    The new facts are, in material part, that defendant, through its agent, unilaterally, and contrary to the contract, without authority or notice, purported to reduce he coverage to $10,000 in 1995.

    7.    This occurred in 1995. Defendant offered plaintiff additional coverage, by way of an  enrollment form  which plaintiff submitted to <u>increase</u> his coverage by $10,000, i.e. from $100,000 to $110,000. (Copy of enrollment form attached as Exhibit A).

    8.    Since plaintiff wished to purchase more coverage, he submitted the  enrollment form  , on November 2, 1995, and purchased an additional $10,000 as stated on the form; but defendant unilaterally reduced the coverage to $10,000.

    9.    At the time, plaintiff already had the $100,000 policy.

10. The $30,000 asserted in the Complaint occurred because plaintiff elected an increase in coverage of $20,000 in 1998. (Copy attached as Exhibit B). Therefore, plaintiff had a total of $130,000 of contributory coverage. (See Affidavit of Plaintiff attached hereto as Exhibit C).

11. Based on these transactions, the coverage amount was full payment of $131,000 (plus a 10% continuous coverage benefit), while the Complaint only seeks $31,000 (less payment of the $9,900 received).

12. Pursuant to Rule 15(a), "leave [to amend] shall be freely given when justice so requires." Rule 15(a) "embodies a liberal approach to amendment." Dole, 921 F.2d at 486-87; see Long v. Lipkins, 96 F.R.D. 234, 234 (E.D.Pa.1983) (holding that a court's Rule 15(a) discretion "should be generally exercised in favor of amendment").

13. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

14. The defendant will not be prejudiced by allowing amendment in that neither a pretrial conference nor discovery cutoff have occurred.

15. The Complaint has not been previously amended and amendment is necessary to afford plaintiff full opportunity to pursue his claim on the merits.

16. The plaintiff has not delayed in that this Motion is filed in response to recently obtained information through discovery that only occurred on July 9, 2003.

17. Plaintiff s proposed Amended Complaint is attached hereto as Exhibit D.

WHEREFORE, plaintiff respectfully requests that the Court grant leave to amend.

---

ROBERT J. SUGARMAN
CARL W. EWALD
Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated:  July 29, 2003

F:\Franklin,Roscoe\GE Financial\Motion leave amend.wpd  4