**SUGARMAN & MARKS**
By: ROBERT J. SUGARMAN, ESQUIRE
Identification No: 03332
CARL W. EWALD, ESQUIRE
Identification No: 85639
100 N. 17th Street - 11th Floor     Attorneys for Plaintiff
Philadelphia, PA 19103
(215) 864-2500
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROSCOE FRANKLIN | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-CV-3359 |
| | : | |
| GE CAPITAL ASSURANCE | : | |
| COMPANY | : | |
| Defendant. | : | |
| | : | |

### BRIEF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff submits this brief in support of Motion for Leave to Amend Complaint.

### FACTS

Plaintiff, Roscoe Franklin, bought a life insurance policy from defendant, under which his wife, Blanche, was an insured life. She died on December 12, 2000. This case involves the benefit payable on that policy.

Prior to filing the suit, plaintiff requested verification of the policy information from defendant. The defendant stated

that the policy coverage was $31,000.

After filing suit, plaintiff has pursued discovery, and obtained additional evidence as to the administration of the policy and the conduct of the defendant and its agents which was not available to the plaintiff at the time of filing. Plaintiff propounded interrogatories and requests for documents and deposed GECA and its agent/administrator.

This discovery revealed that the policy coverage actually is $131,000.

It is undisputed that Franklin originally purchased $50,000 in contributory coverage and increased that coverage to $100,000 on August 19, 1993.

In late 1995, Franklin received a form from defendant offering additional coverage, by way of an enrollment form . (See Enrollment Form, Exhibit A to Motion; Affidavit Exhibit C to Motion at ¶ 8). At the time, Franklin already had the $100,000 policy. He submitted the enrollment form , on November 2, 1995, to purchase an additional $10,000.00 as stated on the form.

On February 2, 1998, plaintiff elected an increase in the additional coverage of $10,000 to $30,000. (See Exhibit B to Motion). Therefore, at the time of Blanche Franklin s death, plaintiff had $130,000 of contributory coverage and $1,000 in basic coverage for a total of $131,000.(See Exhibit C to Motion).

Plaintiff therefore seeks to amend the Complaint to reflect the new evidence which supports this claim and demand the actual coverage amount of the policy.  In material part, plaintiff seeks to add the following facts:

1.   Defendants  agent, in breach of contract, unilaterally, and without authority or notice, <u>reduced</u> the policy coverage from $100,000 to $10,000 allegedly in response to an  enrollment form which Franklin submitted to <u>increase</u> his coverage by $10,000.

2.   Late in 1995, plaintiff received a form from defendant referring to additional coverage, by way of an  enrollment form  . (Exhibit A to Motion).

3.   Since plaintiff wished to purchase more coverage, he submitted the  enrollment form  , on November 2, 1995, and purchased an additional $10,000 as stated on the form.

4.   At the time, Franklin already had the $100,000.00 policy.

5.   On February 2, 1998, Franklin elected an increase in coverage to increase the  additional  coverage from $10,000 to $30,000. (Exhibit B to Motion).

6.   Therefore, Franklin had a total of $130,000 of  contributory  coverage. (Exhibit C to Motion at ¶ 13).  Based on these transactions, the actual amount due to Franklin was full payment of $131,000 (plus a 10% continuous coverage benefit).

Plaintiff s proposed Amended Complaint is attached to the Motion as Exhibit D.

**ARGUMENT**

Pursuant to Rule 15(a), "leave [to amend] shall be freely given when justice so requires." Dole v. Arco Chemical Co., 921 F.2d 484, 486 (3d Cir.1990); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir.1984).  Rule 15(a) "embodies a liberal approach to amendment." Dole, 921 F.2d at 486-87; see Long v. Lipkins, 96 F.R.D. 234, 234 (E.D.Pa.1983) (holding that a court's Rule 15(a) discretion "should be generally exercised in favor of amendment").

In Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962), the Supreme Court held that leave should be denied only where the plaintiff has acted in bad faith, unduly delayed, or amendment would be futile.  It stated:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given. Foman, 371 U.S. at 182.

Here, the defendant will not be prejudiced.  The Court has not yet conducted a pretrial conference or set the discovery

cutoff.  The Complaint has not been previously amended and the amendment is necessary to afford plaintiff full opportunity to pursue his claim on the merits.  Finally, the plaintiff has not delayed in that this Motion is filed in response to recently obtained information through discovery that was completed on July 9, 2003.

Therefore, plaintiff should be permitted to amend the Complaint.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff s Motion for Leave to Amend.

Respectfully submitted,

_____
ROBERT J. SUGARMAN
CARL W. EWALD
Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated:  July 29, 2003