```
SUGARMAN & MARKS
By: ROBERT J. SUGARMAN, ESQUIRE
Identification No: 03332
CARL W. EWALD, ESQUIRE
Identification No: 85639
100 N. 17th Street - 11th Floor     Attorneys for Plaintiff
Philadelphia, PA 19103
(215) 864-2500
_____
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSCOE FRANKLIN : | |
|     Plaintiff, : | |
| : | |
| v. : | NO. 02-CV-3359 |
| : | |
| GE CAPITAL ASSURANCE : | |
| COMPANY : | |
|     Defendant. : | |
| : | |

**PLAINTIFF S ANSWER TO
DEFENDANT S MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Plaintiff, Roscoe Franklin, by and through undersigned counsel, hereby answers defendant General Electric Capital Assurance Company s ( GECA ) Motion for Summary Judgment and avers as follows:

    1-4. Admitted.

    5. Admitted. Admitted that discovery was exchanged. Averred that further discovery will be necessary.

    6-11. Admitted.

    12. Denied that the policy section quoted  expressly

defines the term "Principal Sum". To the contrary, the "Principal Sum" of plaintiff's Policy is defined as the sum of the "Contributory" and "Non-Contributory" coverage in the Certificate. (Exhibit B, GE 00018). While there is a definitions section in the policy, "Principal Sum" is not defined.

   13. Denied. Admitted that the policy contains the quoted language. Denied that it is controlling or clear. To the contrary, the ADDB provision states that GECA will pay 100% of the "Principal Sum" for "Loss of Life" (Exhibit B, GE 00020) and the Certificate of Insurance states the "Principal Sum" is the sum of the "Contributory" and "Non-Contributory" coverage (Exhibit B, GE 00018). This language clearly means that plaintiff is entitled to the sum of the "Contributory" and "Non-Contributory" coverage, or the policy as a whole is ambiguous and must be construed in favor of the plaintiff and against the defendant insurer.

   14. Admitted.

   15. Denied. The contributory principal sum under plaintiff's policy was $130,000.

   16. Admitted.

   17. Admitted that plaintiff was entitled to two continuous coverage benefits of 5%. Denied that defendant appropriately

calculated that benefit.

19. Admitted in part, denied in part. It is admitted that defendant calculated the total benefit payable according to the calculation submitted. It is denied that the calculation was appropriate pursuant to the policy or that it fulfilled defendant s obligation under the policy.

19. Admitted. Further averred that defendant agreed to allow plaintiff to cash the check without prejudice to his claim for the full policy amount.

20. Denied. There are several material disputed issues of fact. There is a fundamental dispute as to the amount of coverage under the policy. Plaintiff contracted for $130,000 in coverage, but the defendant claims that the coverage was only $30,000. Moreover, the policy was designed to confuse and deceive plaintiff into believing that he would be paid more than the policy would actually pay.

## COUNT I

21. Plaintiff incorporates his answers and responses to the averments of paragraphs 1-20 as if fully set forth herein.

22. Denied. This is a conclusion of law to which no response is required. If response is required, it is denied. Although admitting liability for a benefit, defendant has failed

to pay 100% of the "Principal Sum" as required by the policy. defendant still owes plaintiff at least $134,200.

23. Denied. This is a conclusion of law to which no response is required. If response is required, it is denied. defendant's Motion for Summary Judgment should be denied.

## COUNT II

24. Plaintiff incorporates his answers and responses to the averments of paragraphs 1-23 as if fully set forth herein.

25. Denied. This is a conclusion of law to which no response is required. If response is required, it is denied. Although admitting liability for a benefit, defendant has failed to pay 100% of the "Principal Sum" as required by the policy. Defendant still owes plaintiff at least $134,200. Defendant's position is unreasonable and in bad faith. Moreover, plaintiff contracted with defendant for $130,000 in coverage and defendant, improperly and without notice to or authorization from plaintiff, changed and reduced the coverage amount.

26. Denied. This is a conclusion of law to which no response is required. If response is required, it is denied. defendant's Motion for Summary Judgment should be denied.

## **COUNT III**

27. Plaintiff incorporates his answers and responses to the averments of paragraphs 1-30 as if fully set forth herein.

28. Denied. This is a conclusion of law to which no response is required. If response is required, it is denied. Although admitting liability for a benefit, defendant has failed to pay 100% of the "Principal Sum" as required by the policy. Defendant still owes plaintiff at least $134,200. Defendant's position is unreasonable and made in bad faith. Moreover, plaintiff contracted with defendant for $130,000 in coverage and defendant, improperly and without notice to or authorization from plaintiff, treated plaintiff's acceptance of additional coverage as a request to reduce the coverage amount.

29. Denied. This is a conclusion of law to which no response is required. If response is required, it is denied. Under the policy plaintiff is entitled to 100% of the "Principal Sum", i.e. $131,000. The policy was intended to confuse and mislead the plaintiff, and did so.

30. Denied. This is a conclusion of law to which no response is required. If response is required, it is denied. defendant's Motion for Summary Judgment should be denied.

WHEREFORE, plaintiff respectfully requests that the Court

deny defendant s Motion for Summary Judgment.

**PLAINTIFF S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

1. Plaintiff incorporates his answers and responses to the averments of paragraphs 1-30 of defendant s Motion for Summary Judgment as if fully set forth herein.

2. Defendant admits that it is liable for payment of a benefit on the policy. (See Defendant s Motion, ¶ 17-19; Affidavit of Patricia Carillo, ¶ 20-2)

3. Defendant, or its predecessor in interest, drafted the policy at issue.

4. The Benefit Provision ADD - Accidental Death and Dismemberment Benefit promises payment of 100% of the Principal Sum for loss of life. (See Defendant s Motion, ¶ 11).

5. The plain meaning of the policy is that the defendant was required to pay 100% of the Principal Sum, or it is ambiguous.

6. The Certificate of Insurance defines the Principal Sum as the sum of the Contributory and Non-Contributory coverage, which was admitted to be $31,000 and is actually $131,000.

7. It is black letter law that, when interpreting an insurance contract in Pennsylvania, any ambiguity in the written

words will be construed liberally in favor of the insured and against the insurer. <u>Collister v. Nationwide Life Ins. Co.</u>, 479 Pa. 579, 593-594, 388 A.2d 1346, 1353 (Pa. 1978); <u>Burne v. Franklin Life Ins. Co.</u>, 451 Pa. 218, 226-27, 301 A.2d 799, 804 (1973).

8.   While there are issues as to the amount of plaintiff s coverage, the language of the Policy is not disputed.


WHEREFORE, plaintiff moves that this Honorable Court grant judgment in his favor on Count I - Breach of Contract and Order that plaintiff is entitled to payment of 100% of the sum of the   Contributory   and   Non-Contributory   coverage, the   Principal Sum  .


                                              _____
                                              ROBERT J. SUGARMAN
                                              CARL W. EWALD
                                              Counsel for Plaintiff


OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated:  July 29, 2003