SUGARMAN & MARKS
By: ROBERT J. SUGARMAN, ESQUIRE
Identification No: 03332
100 N. 17th Street - 11th Floor     Attorneys for Plaintiff
Philadelphia, PA 19103
(215) 864-2500
_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ROSCOE FRANKLIN | : | |
| 5212 Diamond Street, | : | |
| Philadelphia, Pa 19131 | : | |
| Plaintiff, | : | |
|  | : | |
| v. | : | NO. 02-CV-3359 |
|  | : | |
| GE CAPITAL ASSURANCE COMPANY | : | |
| C/O C. T. Corporation System, | : | |
| 1635 Market Street, | : | |
| Philadelphia, Pa 19103 | : | |
| Defendant. | : | |

**AMENDED COMPLAINT**

Plaintiff brings this suit upon a cause of action of which the following is a statement:

1. Plaintiff, Roscoe Franklin, is an individual residing at 5212 Diamond Street, Philadelphia, Pa 19131.

2. Defendant is GE Capital Assurance Company ("GECA"), a Delaware corporation registered to do business in Pennsylvania, and having a registered address c/o C. T. Corporation System,

1635 Market Street, Philadelphia, Pa 19103.

3. GECA, by succssion issues insurance policies, including the policy at issue herein, and administers assets and claims in the City and County of Philadelphia among other locations.

4. Defendant employed as an agent, Benefits Consultants, Inc., which has subsequently merged and/or changed its name to Progeny Marketing Innovations.

5. On or about October 1, 1991, defendant GECA sold and delivered a master insurance policy number (# DVA 525-3838), under its prior name, AMEX Life Assurance Company, to Scott Paper Federal Credit Union (now Sentry Federal Credit Union). A copy of the policy is attached hereto as Exhibit A.

6. Plaintiff purchased coverage under that policy which insured, inter alia, the life of plaintiff s wife, Blanche Franklin, of which plaintiff was named beneficiary.

7. Plaintiff paid premiums quarterly from October 1, 1991 to the present, which were automatically deducted from his savings account at the Credit Union by preauthorized withdrawals, and paid to GECA, by its agent Progeny, every quarter from October 1991 through the present.

8. The policy s Benefit Provision  ADD-Accidental Death and Dismemberment Benefit  (Exhibit A, page 20, 31) states that GECA will pay 100% of the  Principal Sum  for loss of life. The

provision emphasizes that only the greatest benefit payable under the policy will be paid.

9. The benefit under the policy actually is $131,000.

10. Under the policy, plaintiff automatically received $1,000 in coverage as a member of the credit union.

11. Plaintiff and defendant, contracted for $130,000 of contributory coverage and $1,000 in basic coverage for a total of $131,000 in the event of an accidental death of Blanche Franklin, in stages, as follows:

   a. Plaintiff originally purchased $50,000 in contributory principal sum which was increased to $100,000 on August 19, 1993. (A copy of the Coverage Increase Request form is attached as Exhibit B).

   b. In 1995, plaintiff received a form from defendant offering to additional coverage, by way of an Enrollment Form . (A copy of the Enrollment Form is attached as Exhibit C).

   c. At the time, plaintiff already had the $100,000 benefit.

   d. He purchased more coverage by submitting the Enrollment Form , on November 2, 1995, to purchase an additional $10,000 as stated on the form.

   e. On February 2, 1998, plaintiff further increased

the contributory coverage to $130,000 by submitting a Coverage Increase Request form which was mailed to him. (A copy of the Coverage Increase Request form is attached as Exhibit D).

12. Under the policy, plaintiff is also entitled to an additional 10% continuous coverage benefit, i.e. $13,100. (Exhibit A at page 31).

13. Plaintiff never requested nor agreed to reduction of the benefit.

14. Therefore, the policy required payment of a benefit of $144,100.

15. Plaintiff is also entitled to interest from date of death on the outstanding benefit due.

16. Plaintiff's wife, Blanche Franklin, died accidentally on or about December 12, 2000.

17. Despite the agreement and its promise, defendant has failed and refused to provide the full benefit to plaintiff, but rather, has paid only $9,900, leaving $134,200 unpaid.

18. Upon the death of plaintiff's wife in 2000, defendant stated that the policy benefit was $31,000, reduced by certain factors to $9,900.

## COUNT I - BREACH OF CONTRACT

19. The allegations of paragraphs 1 through 19 of this Amended Complaint are alleged herein as if fully set forth.

20. By its contract, defendant promised to pay 100% of the Principal Sum plus the continuous coverage benefit to plaintiff in the event of his wife Blanche's accidental death.

21. Defendant's refusal to pay 100% of the Principal Sum is a breach of contract.

WHEREFORE, plaintiff prays that the Court award damages in the amount of $134,200, plus interest and costs and attorneys fees.

## COUNT II - BAD FAITH

22. The allegations of paragraphs 1 through 22 of this Amended Complaint are realleged herein as if fully set forth.

23. Defendant has engaged in bad faith conduct and, pursuant to 42 Pa.C.S.A. Section 8371, plaintiff is entitled to damages for bad faith as a result thereof.

24. Plaintiff specifically inquired of GECA whether this issue had ever been litigated before.

25. Defendant responded by refusing to inform the insured whether it has litigated this issue before.

26. Defendant has no colorable reason to refuse payment based on the agreement.

27. Defendant's unilateral, purported change to plaintiff's policy, was without basis, done without notice, was unauthorized, and was a violation of 42 Pa.C.S.A. Section 8371.

WHEREFORE, on this Count, plaintiff prays for bad faith damages in an amount to be determined by the fact finder, as provided by law, together with such other relief, including attorneys fees, as may be appropriate.

## COUNT III - UNFAIR COMPETITION AND CONSUMER FRAUD

28. The allegations of paragraphs 1 through 28 of this Amended Complaint are realleged herein as if fully set forth.

29. Defendant represented to plaintiff that 100 percent of the Principal Sum would be paid in the event that his wife died of accidental causes, and plaintiff relied on such representation.

30. Therefore, to the extent that the policy does not provide for such payment, it is due to the fraudulent misrepresentation by defendant.

31. In the alternative, if the defendant unilaterally

cancelled or reduced plaintiff s policy, such cancellation or reduction was fraudulent, without notice, was unauthorized, and was in breach of the defendant s duties under the policy and was consumer fraud.

   32.   Pursuant to 73 Pa.C.S.A. § 201-3 and 73 Pa.C.S.A. § 201-9.2., such fraud is actionable, and punishable by treble damages and attorneys fees.

   WHEREFORE, plaintiff prays for judgment, treble damages and attorneys fees together with such other relief as may be appropriate.

                                        _____
                                        ROBERT J. SUGARMAN
                                        Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & MARKS
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated:  July 29, 2003