UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Roscoe Franklin, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | No.  02-CV-3359 |
| | : | |
| GE Capital Assurance Company, | : | Judge O'Neill |
| | : | |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY
<u>TO PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendant, General Electric Capital Assurance Company ("GECA" or "Defendant"), by and through its counsel, hereby answers the Amended Complaint of Plaintiff, Roscoe Franklin ("Plaintiff") as follows:

1. GECA admits the allegations of Paragraph 1 of the Amended Complaint.

2. GECA admits the allegations of Paragraph 2 of the Amended Complaint.

3. GECA admits in part and denies in part the allegations of Paragraph 3 of the Amended Complaint.  GECA admits that it does business in Philadelphia County, admits that it has issued insurance policies to insureds located in Philadelphia County, and admits that it has handled claims under such policies in Philadelphia County.  GECA denies the remaining allegations of Paragraph 3.

4. GECA denies the allegations of Paragraph 4 of the Amended Complaint. By way of further response, GECA contracted with Benefits Consultants, Inc., subsequently known as Progeny Marketing Innovations, as third party administrator for certain insurance policies, including the policy at issue in this case. At no time as Benefits Consultants, Inc. and/or Progeny Marketing Innovations, been an employee or agent of GECA.

5. GECA admits in part and denies in part the allegations of Paragraph 5 of the Amended Complaint. GECA admits that a copy of the Policy, with Riders Nos. 1 and 2, is attached to the Amended Complaint as Exhibit A. GECA denies the remaining allegations of Paragraph 5. By way of further response, GECA states that AMEX Life Assurance Company ("AMEX") issued a Group Accident Insurance Policy to Scott Federal Credit Union, bearing policy number DVA 525 3838, which was effective October 1, 1991 (the "Policy"). GECA further states that GECA is the successor-in-interest to AMEX.

6. GECA denies the allegations of Paragraph 6 of the Amended Complaint. By way of further response, GECA states that Plaintiff, as a member of Scott Federal Credit Union, was insured under the Policy for $1,000 at no charge, and had the opportunity to elect additional coverage for himself and his family, pursuant to the terms of the Policy. Plaintiff purchased additional accidental insurance coverage under the Policy for himself and selected the Family Plan, which provided certain insurance coverage for his spouse, Blanche Franklin.

7. GECA admits in part and denies in part the allegations of Paragraph 7 of the Amended Complaint. GECA admits that Plaintiff has been charged for premiums on a quarterly basis from October 1, 1991 through to the present, and that premium payments were automatically deducted from Plaintiff's savings account by preauthorized withdrawal. GECA further admits that Benefits Consultants, Inc. and/or Progeny Marketing Innovations collected premium payments. By way of further response, Benefits Consultants, Inc. and/or Progeny Marketing Innovations collected premium payments pursuant to the terms of its contract with GECA, and not as agent of GECA. By way of further response, on at least one occasion, in October 1995, Plaintiff's savings account had insufficient funds to cover the automatic withdrawal, and the quarterly premium was not paid.

8. The allegations of Paragraph 8 of the Amended Complaint refer to the Policy, a written document that speaks for itself. To the extent that the allegations of Paragraph 8 contradict or seek to characterize the contents of the Policy, such allegations are denied. GECA denies any allegation or inference that any provision of the Policy may be read in isolation from the other provisions of the Policy. To the contrary, the Policy must be read as a whole.

9. GECA denies the allegations of Paragraph 9 of the Amended Complaint.

10. GECA admits the allegations of Paragraph 10 of the Amended Complaint. By way of further response, the $1000 in coverage that Plaintiff automatically received applied only to Plaintiff himself, and did not apply to any coverage that Plaintiff elected under the Family Plan.

11. GECA denies the allegations of Paragraph 11 of the Amended Complaint.

    a. GECA admits the allegations of Subparagraph a to Paragraph 11 of the Amended Complaint.

    b. GECA admits in part and denies in part the allegations of Subparagraph b to Paragraph 11 of the Amended Complaint. GECA admits that Plaintiff received an "Enrollment Form" in 1995, and that Exhibit C is a true and correct copy of that "Enrollment Form." The "Enrollment Form" is a written document that speaks for itself. To the extent that the allegations of Subparagraph b of Paragraph 11 contradict or seek to characterize the contents of the "Enrollment Form" such allegations are denied. GECA denies any allegation or inference that the "Enrollment Form" may be read in isolation from the provisions of the Policy. To the contrary, the "Enrollment Form" must be read in light of the Policy as a whole.

    c. GECA admits the allegations of Subparagraph c to Paragraph 11 of the Amended Complaint.

      d.    GECA denies the allegations of Subparagraph d to Paragraph 11 of the Amended Complaint.

      e.    GECA admits in part and denies in part the allegations of Subparagraph e to Paragraph 11 of the Amended Complaint. GECA admits that Plaintiff submitted a "Coverage Increase Request" form on or about February 2, 1998, and that Exhibit D to the Amended Complaint is a true and correct copy of that "Coverage Increase Request" form. The "Enrollment Form" is a written document that speaks for itself. To the extent that the allegations of Subparagraph e of Paragraph 11 contradict or seek to characterize the contents of the "Coverage Increase Request" form" such allegations are denied. GECA denies any allegation or inference that the "Coverage Increase Request" form may be read in isolation from the provisions of the Policy. To the contrary, the "Enrollment Form" must be read in light of the Policy as a whole.

12.    GECA denies the allegations of Paragraph 12 of the Amended Complaint. By way of further response, Plaintiff is entitled to a "continuous coverage" benefit in accordance with the express terms of the Policy.

13.    GECA denies the allegations of Paragraph 13 of the Amended Complaint.

14.    GECA denies the allegations of Paragraph 14 of the Amended Complaint.

15.    GECA denies the allegations of Paragraph 15 of the Amended Complaint.

16.    GECA admits the allegations of Paragraph 16 of the Amended Complaint.

17.    GECA denies the allegations of Paragraph 17 of the Amended Complaint.

18.    GECA admits the allegations of Paragraph 18 of the Amended Complaint

## Count I - BREACH OF CONTRACT

19.    GECA incorporates herein by reference its responses in each of the preceding paragraphs, as though set forth in full herein.

20. GECA denies the allegations of Paragraph 20 of the Amended Complaint.

21. GECA denies the allegations of Paragraph 21 of the Amended Complaint.

WHEREFORE, Defendant, General Electric Capital Assurance Company, requests that judgment be entered in its favor on the Amended Complaint and that it be awarded costs and such other relief as the Court deems appropriate.

## Count II - BAD FAITH

22. GECA incorporates herein by reference its responses in each of the preceding paragraphs, as though set forth in full herein.

23. GECA denies the allegations of Paragraph 23 of the Amended Complaint.

24. GECA denies the allegations of Paragraph 24 of the Amended Complaint.

25. GECA denies the allegations of Paragraph 25 of the Amended Complaint.

26. GECA denies the allegations of Paragraph 26 of the Amended Complaint.

27. GECA denies the allegations of Paragraph 27 of the Amended Complaint.

WHEREFORE, Defendant, General Electric Capital Assurance Company, requests that judgment be entered in its favor on the Amended Complaint and that it be awarded costs and such other relief as the Court deems appropriate.

## Count III - UNFAIR COMPETITION AND CONSUMER FRAUD

28. GECA incorporates herein by reference its responses in each of the preceding paragraphs, as though set forth in full herein.

29. GECA denies the allegations of Paragraph 29 of the Amended Complaint.

30. GECA denies the allegations of Paragraph 30 of the Amended Complaint.

31. GECA denies the allegations of Paragraph 31 of the Amended Complaint.

32.  GECA denies the allegations of Paragraph 32 of the Amended Complaint.

33.  GECA denies each and every allegation of the Amended Complaint that is not specifically admitted in the preceding paragraphs.

WHEREFORE, Defendant, General Electric Capital Assurance Company, requests that judgment be entered in its favor on the Amended Complaint and that it be awarded costs and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

34.  The Amended Complaint fails to state a claim upon which relief may be brought.

### SECOND AFFIRMATIVE DEFENSE

35.  Plaintiff's claims are barred by the provisions of the Policy.

### THIRD AFFIRMATIVE DEFENSE

36.  Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

37.  Plaintiff's claims are barred by the doctrines of release and/or accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

38.  GECA at all times acted in good faith in the processing, investigation and payment of the claim for insurance benefits submitted to GECA by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

39.  Plaintiff's claims are barred by the applicable statute of frauds and the parol evidence rule.

## SEVENTH AFFIRMATIVE DEFENSE

40. GECA's agents, employees and representatives lack any express, implied or apparent authority to vary the terms of the Policy, as Plaintiff knew or should have known.

## EIGHTH AFFIRMATIVE DEFENSE

41. Any damages suffered by Plaintiff were not caused by any conduct on the part of GECA.

## NINTH AFFIRMATIVE DEFENSE

42. GECA has acted, throughout its dealings with Plaintiff, in good faith and with due care.

## TENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred by his assumption of the risk.

**WHEREFORE**, Defendant, General Electric Capital Assurance Company, requests that judgment be entered in its favor on the Amended Complaint and that it be awarded costs and such other relief as the Court deems appropriate.

Dated: October 20, 2003

Respectfully submitted,

ECKERT SEAMANS CHERIN
 & MELLOTT, LLC

By: _____

Heather E. Rennie (I.D. No. 69715)
Eric M. Fink (I.D. No. 80154)
1515 Market Street, Ninth Floor
Philadelphia, PA  19102
(215) 851-8400

Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 20, 2003, I served a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant General Electric Assurance Company to Plaintiff's Amended Complaint via hand delivery upon the following counsel of record:

> Robert J. Sugarman
> 100 North 17th Street
> Robert Morris Building, 11th Floor
> Philadelphia, PA  19103

 

                                                                      Eric M. Fink

*M0431161.DOC*