```
SUGARMAN & MARKS
By: ROBERT J. SUGARMAN, ESQUIRE
Identification No: 03332
100 N. 17th Street - 11th Floor     Attorneys for Plaintiff
Philadelphia, PA 19103
(215) 864-2500
```
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROSCOE FRANKLIN | : | |
| 5212 Diamond Street, | : | |
| Philadelphia, Pa 19131 | : | |
|     Plaintiff, | : | |
|  | : | |
| v. | : | NO. 02-CV-3359 |
|  | : | |
| GE CAPITAL ASSURANCE COMPANY | : | |
| C/O C. T. Corporation System, | : | |
| 1635 Market Street, | : | |
| Philadelphia, Pa 19103 | : | |
|     Defendant. | : | |
|  | : | |

**PLAINTIFF  S MOTION FOR LEAVE TO
SERVE ADDITIONAL INTERROGATORIES**

Plaintiff moves for leave of Court to serve additional interrogatories because the number of interrogatories exceeds the number permitted under the Federal Rules of Civil Procedure Rule 33(a), and avers in support the following:

1.   These interrogatories are for discovery under the Amended Complaint. Plaintiff had propounded twenty-five (25) interrogatories regarding the original complaint.

2.    The Amended Complaint includes counts of breach of contract, bad faith, and unfair competition and consumer fraud.

3. The allegations in the Amended Complaint are based upon GECA's use of an Enrollment Form to reduce coverage.

4. In the Amended Complaint, Plaintiff asserts that defendant, sold him $130,000 of "contributory" coverage and $1,000 in basic coverage for a total of $131,000 in the event of an accidental death of his wife, Blanche Franklin, in stages.

5. In 1991, Plaintiff purchased $50,000 in "contributory" principal sum, which was increased to $100,000 on August 19, 1993. (A copy of the "Coverage Increase Request" form is attached as Exhibit B).

6. In October 1995, plaintiff received a form from defendant offering to additional coverage, by way of an "Enrollment Form".

7. At the time that plaintiff received the enrollment form, plaintiff already had the $100,000 benefit upon the death of his wife.

8. Plaintiff intended to purchase more coverage by submitting the "Enrollment Form", on November 2, 1995, to purchase an additional $10,000 as stated on the form.

9. On February 2, 1998, plaintiff further increased the "contributory" coverage to $130,000 by submitting a "Coverage Increase Request" form which was mailed to him.

10. Plaintiff paid premiums quarterly from October

1, 1991 until his wife s death, which were automatically deducted from his account at the Credit Union by preauthorized withdrawals, and paid to GECA s designated agent Progeny Marketing Innovations, every quarter from October 1991 through the present.

11.  Plaintiff never requested nor agreed to reduction of the benefit.

12.  Upon the death of plaintiff s wife in 2000, defendant stated that the policy benefit was $31,000, reduced by certain factors to $9,900.

13.  Rule 26(b)(2)(ii) provides that:  [t]he frequency or extent of the use of the discovery methods otherwise permitted under these rules . . . shall be limited by the court if it determines that . . . the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought . . . .

14.  Since the Amended Complaint includes a significant new issue not previously asserted, plaintiff has not had an ample opportunity to obtain relevant information regarding the new allegations.

15.  It is within this Court s discretion to grant leave to serve additional interrogatories. <u>Lukens v. National Railroad Passenger</u>, 2000 WL 1022988 *2 (E.D.Pa. 2000).

16. The service of additional interrogatories is in the interest of developing the facts of this newly expanded case.

17. The new interrogatories deal solely with new issues not relevant to the initial complaint.

18. These interrogatories are required for understanding of the complicated new issues involved with the enrollment form.

19. To the extent developed in prior discovery, the additional interrogatories include only questions that the defendants witnesses were unable to adequately answer at depositions.

20. Defendants will not be prejudiced by being directed to respond to additional Interrogatories. (*See* Lukens, 2000 WL 1022988 at *2).

21. There is no question of surprise, since the subject matter included in the interrogatories relates directly to issues raised in the Amended Complaint. (*See* Lukens, 2000 WL 1022988 at *2).

22. There is no delay in serving these additional interrogatories. They will be served within the discovery period.

23. The service of the additional interrogatories will not delay the proceedings since no disposition is presently scheduled.

WHEREFORE, plaintiff moves that the Court grant leave for plaintiff to serve the additional interrogatories attached hereto as Exhibit A.

                                                                                 ROBERT J. SUGARMAN
                                                                                 Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: October 31, 2003