SUGARMAN & MARKS
By: ROBERT J. SUGARMAN, ESQUIRE
Identification No: 03332
100 N. 17th Street - 11th Floor      Attorneys for Plaintiff
Philadelphia, PA 19103
(215) 864-2500

_____
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROSCOE FRANKLIN | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-CV-3359 |
| | : | |
| G E FINANCIAL ASSURANCE COMPANY | : | |
| Defendant. | : | |
| | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO SERVE ADDITIONAL INTERROGATORIES**

Plaintiff has moved for leave to serve additional interrogatories.

**STATEMENT OF FACTS AND PROCEDURE**

Roscoe Franklin bought a life insurance policy from defendant, under which his wife, Blanche, was an insured life. She died on December 12, 2000. As amended, this case involves the use of an Enrollment Form to reduce coverage.

Originally, plaintiff filed a complaint contending that GE was required to payout 100% of the Principal Sum for loss of life. However, the Complaint was amended to include counts of

breach of contract, bad faith, and unfair competition and consumer fraud. These allegations are based upon the unknown and unintended reduction of benefits that plaintiff endured upon submitting an Enrollment Form that GECA and or/its predecessor sent to Plaintiff.

Specifically, Plaintiff asserts that he and defendant, contracted for $130,000 of  contributory   coverage and $1,000 in basic coverage for a total of $131,000 in the event of an accidental death of Blanche Franklin. In support of this assertion, Plaintiff avers that he originally purchased $50,000 in  contributory   principal sum which was increased to $100,000 on August 19, 1993. In 1995, Plaintiff received a form from defendant offering to additional coverage, by way of an   Enrollment Form  . At the time, plaintiff already had the $100,000 benefit. He intended to purchase more coverage by submitting the   Enrollment Form  , on November 2, 1995, to purchase an additional $10,000 as stated on the form.  On February 2, 1998, plaintiff further increased the   contributory coverage to $130,000 by submitting a   Coverage Increase Request form which was mailed to him.

During the discovery for the original complaint, plaintiff served twenty-five(25)interrogatories on defendant without leave as allowed for in Rule 33 of the Federal Rules of Civil

Procedure. Now plaintiff requests leave to serve additional interrogatories in order to focus on the new issues not developed in prior interrogatories.

### ARGUMENT

Rule 33 provides a party leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2)(ii). Rule 26(b)(2)(ii) provides that:  [t]he frequency or extent of the use of the discovery methods otherwise permitted under these rules . . . shall be limited by the court if it determines that . . . the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought . . . .

Here, the Amended Complaint includes allegations a significant new issue not previously asserted. Therefore, despite the fact that plaintiffs have conducted some discovery and already served GECA twenty-five interrogatories, plaintiff has not had ample opportunity to obtain relevant information regarding the allegations in the Amended Complaint.

The additional interrogatories is in the interest of developing the facts of this newly expanded case. The additional interrogatories focus on new issues not developed in prior discovery. They are required for understanding of the complicated new issues involved with the enrollment form. The additional interrogatories also include questions that were

unable to be adequately answered at depositions. The deponents were not necessarily knowledgeable about the allegations in the Amended Complaint, since the Motion to Amend the Complaint was not until after the depositions.

According to this Court s decision in <u>Lukens v. National Railroad Passenger</u>, 2000 WL 1022988 *2 (E.D.Pa. 2000), it is within this Court s discretion to grant leave to serve additional interrogatories. The factors this Court looks to are whether the additional interrogatories: would prejudice the other party, surprise the party, would be burdensome, were served with delay, demonstrate an act of bad faith by the serving party, or would give a tactical advantage to the serving party. <u>Id.</u>

Here, there is nothing to indicate that Defendants will be prejudiced in any way by the service of additional interrogatories. There is also no question of surprise, since the subject matter included in the interrogatories relates directly to issues raised in Plaintiff s Amended Complaint. Moreover, the the additional interrogatories are not unduly burdensome to GECA. The information and documentation requested is relevant to preparing for litigation. Also, if GECA believes that any of the additional interrogatories is unduly burdensome the right to object to an individual question is preserved.

The service of the additional interrogatories will not delay the proceedings, since the complaint was just filed. Because of the lack of scheduled proceedings, there is no action of bad faith or tactical advantage gained by serving additional interrogatories. Plaintiff only seeks information related to the Amended Complaint and the assertions therein which were not in focus at the time of the earlier discovery.

Therefore, plaintiff should be permitted to serve the additional interrogatories.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff s Motion for Leave to the Serve Additional Interrogatories.

> Respectfully submitted,
>
> _____
> ROBERT J. SUGARMAN
> Counsel for Plaintiff

OF COUNSEL:

SUGARMAN & ASSOCIATES
11th Floor, Robert Morris Building
100 North 17th Street
Philadelphia, PA 19103
(215) 864-2500

Dated: October 31, 2003