**<u>AFFIDAVIT</u>**

RobertRobert J. Sugarman, pursuant to 28 U.S.C.Robert J. Sugarman, pursu as follows:

1.1. 1.  I am counsel to plaintiff in the matter of Franklin1.  I am cour

2.2.  We were recently allowed2.  We were recently allowed to amend the aa claim for a principal sum that would exclude the effect of an enrollment form  as reducing coverage.

3.3.  We have propounded discovery relating to the new claim, andand with the consent of the defendant, the Court has allowed us to propound the discovery.

4.4.  The propounded discovery is relevant to the intentions and conductconduct of the defendant, in regard to the matters at issue in the Amended Complaint.

5.5.  Without the answers to discovery, I believe the Court cannotcannot conclude that summarycannot conclude that summary jucannot c defendantdefendant on the claim, for the reasons suggested in the discovery itself:itself: the disclosure, lack of itself: the disclosure, l considerationsconsiderations of the defendant inconsiderations of the defenda a way to reduce coverage.

6.6.  Therefore, pursuant to Rule 56(f), I believe that the newly allowed discovery is required before judgment for defendant may be considered.

F:\Franklin,Roscoe\GE Financial\Pleadings\Affidavit RJS 11-14.wpd

II state theI state the foregoing to be true and correct,I state the fo penaltiespenalties for unsworn perjury.  Executed this ____ day of _____, 2003.

_____
ROBERT J. SUGARMAN

F:\Franklin,Roscoe\GE Financial\Pleadings\Affidavit RJS 11-14.wpd