IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROSCOE FRANKLIN,<br>　　　　　Plaintiff<br><br>v.<br><br>GE FINANCIAL ASSURANCE CO.,<br>　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>: NO. 02-CV-3359<br>:<br>:<br>: |

### ORDER

**AND NOW**, this _____ day of September, 2004, upon consideration of Sentry Credit Union's ("Sentry's") Motion for Protective Order and any response thereto;

It is hereby **ORDERED** that the Motion for Protective Order is **GRANTED**; and

It is further **ORDERED** that plaintiff may not depose Phil Travaglini on September 23, 2004;

**IT IS SO ORDERED.**

BY THE COURT:

_____
O'Neill, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSCOE FRANKLIN,<br>           Plaintiff<br><br>v.<br><br>GE FINANCIAL ASSURANCE CO.,<br>           Defendant | :<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:  NO. 02-CV-3359<br>:<br>:<br>: |

## MOTION OF SENTRY CREDIT UNION FOR PROTECTIVE ORDER

Third party Sentry Credit Union ("Sentry"), by its undersigned attorneys, hereby moves this Court pursuant to Fed R. Civ. P. 26 for a protective order prohibiting the deposition of Phil Travaglini noticed for 9 a.m. on September 23, 2004. The bases for this Motion are fully set forth in the accompanying Brief, which is incorporated by reference as if set forth at length herein. Counsel for Sentry has in good faith conferred with counsel for the plaintiff in an effort to resolve the discovery disputes set forth herein, but the parties have been unable to resolve these matters without the intervention of the Court.

                                      HANGLEY ARONCHICK SEGAL & PUDLIN

                                      By:_____lm958_____
                                          Joseph A. Dworetzky
                                          Lubna A. Mian
                                          Attorney I.D. Nos. 85381, 26968
                                          One Logan Square, 27th Floor
                                          Philadelphia, Pennsylvania 19103
                                          (215) 568-6200

                                          **Attorneys for Sentry Credit Union**

Dated: September 22, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSCOE FRANKLIN,<br>　　　　　Plaintiff | :<br>:<br>: |
| v. | : CIVIL ACTION<br>: NO. 02-CV-3359 |
| GE FINANCIAL ASSURANCE CO.,<br>　　　　　Defendant | :<br>: |

**SENTRY CREDIT UNION**
**BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**I.　INTRODUCTION**

Sentry Credit Union ("Sentry") a third party to this case, moves under Federal Rule of Civil Procedure for a Protective Order continuing the deposition of Phil Travaglini and a related request for documents to a later date, on the basis that the deposition was noticed on September 10, 2004, and the request for documents on September 16, 2004, and that Sentry's undersigned counsel was engaged in this matter today. While a further Motion addressing the substance of the requests might be necessary at a later date, Sentry requests a reasonable continuance to allow its new counsel to get up to speed, prepare the witness, and evaluate the document requests.

**II.　ARGUMENT**

Rule 26(c) of the Federal Rules of Civil Procedure provides that, upon motion of a person from whom discovery is sought, "the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from . . . oppression, or undue burden or expense, including . . . that the . . . discovery may be had only on specified terms and

conditions, including a designation of the time or place." In this case, Sentry's deposition was served on September 10, 2004, and a related request for documents on September 16, 2004. As mentioned, undersigned counsel was engaged today, and has had no time to review the file, nor to prepare the witness for deposition. Similarly, undersigned counsel has been advised by prior counsel that there may be confidentiality issues that will require an additional Motion for Protective Order, and requires an opportunity to evaluate these issues and make a further Motion, if necessary.

Accordingly, Sentry asks this Court to prohibit the deposition noticed for tomorrow at 9 a.m.

### III.  CONCLUSION

For the foregoing reasons, Sentry respectfully requests that its Motion for Protective Order be granted.

                    **HANGLEY ARONCHICK SEGAL & PUDLIN**

                    By:_____lm958_____
                        Joseph A. Dworetzky
                        Lubna A. Mian
                        Attorney I.D. Nos. 85381, 26968
                        One Logan Square, 27th Floor
                        Philadelphia, Pennsylvania 19103
                        (215) 568-6200

                    **Attorneys for Sentry Credit Union**

Dated: September 22, 2004

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. 37(a)(2)(A) and Local Rule 26.1(f), I certify that counsel have conferred in good faith in an effort to resolve the discovery dispute contained in the foregoing Motion without court action; and that the parties are, after reasonable effort, unable to resolve these matters without the intervention of the Court.

                                                                           _____lm958_____
                                                                           Lubna A. Mian

Dated: September 22, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2004, I caused a true and correct copy of the foregoing Motion for Protective Order to be served via US Mail on the following:

Sugarman & Marks
Robert J. Sugarman, Esquire
100 North 17th Street, 11th Floor
Philadelphia, Pennsylvania 19103


_____lm958_____
Lubna A. Mian