IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSCOE FRANKLIN,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>G.E. FINANCIAL ASSURANCE CO.,<br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>: NO. 02-CV-3359 (TNO)<br>:<br>:<br>: |

## ORDER

**AND NOW**, this _____ day of October, 2004, upon consideration of Sentry Credit Union's ("Sentry's") Motion for Protective Order and any response thereto;

It is hereby **ORDERED** that the Motion for Protective Order is **GRANTED**; and

It is further **ORDERED** that plaintiff may not depose Richard Stipa, nor take any further discovery of Sentry or its former employees;

**IT IS SO ORDERED.**

BY THE COURT:

_____
O'Neill, Jr., J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSCOE FRANKLIN,<br>      Plaintiff,<br><br>v.<br><br>G.E. FINANCIAL ASSURANCE CO.,<br>      Defendant. | CIVIL ACTION<br>NO. 02-CV-3359 (TNO) |

## MOTION OF RICHARD STIPA FOR PROTECTIVE ORDER

Third party Richard Stipa, by his undersigned attorneys, hereby moves this Court pursuant to Fed R. Civ. P. 26 for a protective order prohibiting the deposition noticed for 1:00 p.m. on October 1, 2004. The bases for this Motion are fully set forth in the accompanying Brief, which is incorporated by reference as if set forth at length herein. Counsel for Mr. Stipa has in good faith conferred with counsel for the plaintiff in an effort to resolve the discovery disputes set forth herein, but the parties have been unable to resolve these matters without the intervention of the Court.

HANGLEY ARONCHICK SEGAL & PUDLIN

Dated: October 1, 2004

By: _[signature]_
Joseph A. Dworetzky
Lubna A. Mian
Attorney I.D. Nos. 26968, 85381
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103
(215) 568-6200

*Attorneys for Sentry Credit Union*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSCOE FRANKLIN,<br>      Plaintiff, | : <br> : <br> : <br> : |
| v. | :   CIVIL ACTION<br> :   NO. 02-CV-3359 (TNO) |
| G.E. FINANCIAL ASSURANCE CO.,<br>      Defendant. | : <br> : <br> : |

## RICHARD STIPA'S
## BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**I.  INTRODUCTION**

Richard Stipa, a third party to this case, moves under Federal Rule of Civil Procedure 26 for a Protective Order prohibiting his deposition. Mr. Stipa's only involvement in this matter is as a former employee of Sentry Credit Union ("Sentry"). Sentry is a non-party to the case that plaintiff has sought cumulative and extensive discovery from, far in excess of what is permissible under the Federal Rules of Civil Procedure and the Court's July 2004 Order. Notwithstanding the fact that this case was filed in May of 2002, plaintiff waited until two days before the expiration of the discovery deadline to subpoena Mr. Stipa's deposition for today. In this suit by plaintiff against G.E. Capital Assurance Co. ("G.E. Capital"), the issuer of an Accidental Death and Dismemberment Policy that plaintiff claims he is entitled to benefits from in excess of those paid, Sentry's only role in the complaint is as the credit union through which premiums for the insurance were automatically deducted. Sentry has twice produced documents to plaintiff in this matter, and has complied with two subpoenas on its employees for testimony. Sentry witnesses have testified that Sentry has no role in issuing the insurance policy, executing

documents relating to the policy with the insured, or administering the policy. Because plaintiff should not be entitled to use the discovery process in this case to pursue specious claims against third parties, and because none of the discovery sought from Sentry has anything to do with "the amount of the contributory principal sum" that the court allowed discovery into in July, the Motion should be granted.

## ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure provides that, upon motion of a person from whom discovery is sought, "the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from . . . oppression, or undue burden or expense, including . . . that the . . . discovery may be had only on specified terms and conditions, including a designation of the time or place."

First, the discovery sought from Sentry and Mr. Stipa, a Sentry former employee, has absolutely no relevance to the allegations of plaintiff's complaint. Plaintiff sues G.E. Capital in this case based upon its alleged failure to pay a full insurance benefit to plaintiff. See Exhibit A. Sentry is not a party to the case, and plaintiff's amended complaint contains no allegations of wrongdoing by Sentry. In July of this year, the Court, in the context of denying both parties' motions for summary judgment, held that the parties may complete discovery on "the amount of the contributory principal sum" to which a contractual formula was to be applied in calculating plaintiff's benefits. While Sentry and Mr. Stipa do not have the transcript of the deposition of Mr. Travaglini because it took place only three days ago,[1] plaintiff's discovery of Sentry, as

---

[1] Mr. Stipa reserves the right to supplement this Motion upon receipt of the transcript of Mr. Travaglini's deposition.

2

evidenced by the sweeping document requests they have served, seeks information far in excess of the extent of plaintiff's insurance coverage. Plaintiff has sought to inquire into every practice of Sentry's since 1995 relating to the manner in which benefits were paid, its relationships with G.E. Financial and the administrator of the Accidental Death and Dismemberment program, and the amounts it receives as payment from these parties. See Exhibits B and C.

Second, related to the overbroad discovery served in the case, plaintiff is transparently, and impermissibly, using the discovery process in this case to fabricate a potential claim against Sentry. See Fed. R. Civ. P. 26(b); 6 Moore's Federal Practice ¶ 26.41[2][b] (3d ed. 2004). See id., ¶ 26.101[1][b]. See also, Calderon v. United States District Court for the Northern District of California, 98 F.3d 1102, 1106 (9th Cir. 1996) (the "Federal Rules of Civil Procedure do not permit pre-complaint discovery"); In re Roberts, 170 F.R.D. 504, 507 (M.D. Ala. 1997) (Fed. R. Civ. P. 27 does not allow pre-complaint discovery of evidence). Sentry should not be forced to endure, and the Court should no countenance, the use of discovery in the case to fish for claims against a third party.

Third, Sentry has gone above what is required of a third party to comply with its obligations, and the persistent and cumulative discovery of Sentry witnesses represents nothing short of harassment. On January 16, 2004, plaintiff served a subpoena and related document request on Mary Kounnas, a Sentry branch manager. Ms. Kounnas' deposition was noticed for February 5, 2004. Sentry produced Ray Harvey, another Sentry employee, in lieu of the branch manager, for deposition on February 9, 2004. On March 23, 2004, another subpoena and document request were served on Richard Thompson, the vice-president for Sentry, for a deposition on March 26, 2004. Plaintiff was advised that given the short time from for the deposition, Mr. Thompson would not be available to appear. Plaintiff's office did not contact to

3

reschedule Mr. Thompson's deposition. Sentry heard nothing from plaintiff until this month. On September 10, 2004, plaintiff yet another served another subpoena and related document request on Philip Travaglini, the president of Sentry. Mr. Travaglini's deposition was noticed for September 14, 2004, only four days later. See Exhibit B. Plaintiff's counsel was at that time notified that Mr. Travaglini would not be available on September 14, 2004. On September 16, 2004, plaintiff served another document request on Sentry, for the same records requested of Mr. Travaglini. See Exhibit C. On September 24, 2004, two days after this office was retained to represent Sentry, Sentry advised plaintiff that responsive documents would be produced by the middle of the next week. On Monday, September 27, 2004, the documents requested by plaintiff were produced.[2] On September 28, 2004, Mr. Travaglini was produced for deposition. The next day, this past Wednesday, September 29, Mr. Stipa was subpoenaed for a deposition today.[3] See Exhibit G. Sentry, a nonprofit federally chartered credit union, has undergone significant time, expense, and legal fees in connection with this discovery, including the time and expense involved in evaluating and negotiating the issues relating to Progeny's claims of confidentiality, and has done everything it can to comply with plaintiff's overreaching discovery.

Lastly, plaintiff has had more than an adequate opportunity to seek appropriately tailored discovery in the more than two years since the case has been filed, and the service of a subpoena

---

[2] Some of the documents were redacted as Progeny, the administrator of the Accidental Death and Dismemberment Plan, has taken the position that commercially sensitive information, relating to the pricing of premiums, and amounts paid by Progeny to Sentry, is covered by a confidentiality provision in the Progeny-Sentry contract. Sentry offered to produce the documents in unredacted form upon execution of a mutually agreeable confidentiality stipulation, see Exhibit E, and plaintiff has yet to respond to the offer.

[3] The undersigned was retained today to represent Mr. Stipa, and would have objected to the deposition immediately had the retention been earlier. Plaintiff was, however, on notice on Wednesday that Sentry regards the attempts to depose Mr. Stipa as improper. See Exhibit F.

4

on a third party witness two days before the noticed deposition, and the expiration of the discovery deadline is inappropriate.

## II. CONCLUSION

For the foregoing reasons, Sentry respectfully requests that its Motion for Protective Order be granted.

HANGLEY ARONCHICK SEGAL & PUDLIN

Dated: October 1, 2004

By: /s/ Lubna A. Mian
Joseph A. Dworetzky
Lubna A. Mian
Attorney I.D. Nos. 26968, 85381
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103
(215) 568-6200

*Attorneys for Sentry Credit Union*

5

**CERTIFICATION**

    Pursuant to Fed. R. Civ. P. 37(a)(2)(A) and Local Rule 26.1(f), I certify that counsel have conferred in good faith in an effort to resolve the discovery dispute contained in the foregoing Motion without court action; and that the parties are, after reasonable effort, unable to resolve these matters without the intervention of the Court.

                                                                       _/s/ Lubna A. Mian_
                                                                         Lubna A. Mian

Dated: October 1, 2004

## CERTIFICATE OF SERVICE

I, Lubna A. Mian, do hereby certify that on this 1st day of October, 2004, I did cause to be served by first-class U.S. Mail, postage prepaid, one true and correct copy of the foregoing Motion for Protective Order upon each of the following parties:

> Robert J. Sugarman, Esq.
> Sugarman & Associates, PC
> 100 N. 17th St., 11th Fl.
> Philadelphia, PA  19103

> Brad P. Bender, Esq.
> Eckert Seamans Cherin & Mellott
> 1515 Market St., 9th Fl.
> Philadelphia, PA  19102

_____
Lubna A. Mian