IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSCOE FRANKLIN | : | CIVIL ACTION |
| | : | NO. 02-3359 |
| v. | : | |
| GENERAL ELECTRIC CAPITAL ASSURANCE COMPANY | : | |

O'Neill, J.                                                                                                November 9, 2004

**MEMORANDUM**

Richard Stipa, a former employee of Sentry Federal Credit Union and a third party to this case, seeks an order pursuant to Fed. R. Civ. P. 26 prohibiting his deposition.  This discovery dispute arises in the context of a suit by plaintiff Roscoe Franklin against G.E. Capital Assurance Co. (GECA).  GECA issued a group insurance policy to Sentry under which plaintiff was an "insured person."  Premiums for plaintiff's insurance policy were automatically deducted through his accounts with the credit union.  Plaintiff claims that in response to a claim arising from his wife's death he is entitled to insurance benefits in excess of those already paid by the insurer and he asserts claims against GECA under Pennsylvania law for breach of contract, bad faith by an insurer, and unfair or deceptive trade practices.

In connection with his claims, plaintiff seeks discovery from Sentry concerning debits made by GECA to one of his Sentry accounts.  Defendant asserts that in October 1995, plaintiff's Sentry savings account had insufficient funds to cover the automatic withdrawal for his GECA coverage and his quarterly premium went unpaid.  In contrast, plaintiff alleges his funds were

insufficient because GECA deliberately debited his inactive Sentry account. He alleges that prior to this instance, Sentry's ordinary practice in the event of an overdraft was to transfer funds from his active account and notify him of any charge to his inactive account. Plaintiff asserts that because of the charge to his inactive account, his insurance coverage was reduced from $100,000 to $10,000.

In January 2004, I denied the parties' cross-motions for partial summary judgment and held that under plaintiff's insurance policy the correct formula for the calculation of benefits would result in an award of thirty percent of the contributory principal sum under the policy plus the applicable continuing coverage bonus. I further held that the correct amount of the contributory principal sum to which this formula should be applied was not clear and ordered that further motions for summary judgment would be considered upon completion of discovery relating to the correct amount of the contributory principal sum. My January 2004 order did not limit discovery pertaining to issues not covered by the partial motions for summary judgment including plaintiff's claims for bad faith and unfair competition and consumer fraud.

In his motion for a protective order, Stipa argues that his deposition would produce no information relevant to the allegations of plaintiff's complaint. He further argues that plaintiff is improperly using the discovery process to develop a potential claim against Sentry, that the cumulative discovery of Sentry witnesses is harassing and that plaintiff inappropriately waited until just before the expiration of the discovery deadline before subpoenaing him. Plaintiff counters that the information sought from Stipa is relevant to determining the appropriate amount of coverage and to determining whether GECA acted in bad faith by knowingly making charges against incorrect accounts in order to reduce the increased underwriting risk associated with

coverage held by older policy holders. Plaintiff further asserts that it has no source for the requested information other than Stipa and that Stipa cannot establish that it would be an undue hardship for him to comply with the subpoena.

The Federal Rules of Civil Procedure provide for liberal discovery. As a general rule, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1).[1] See also Williams v. Claims Overload Sys., No. 97-6851, 1998 WL254960 at *1 (E.D. Pa. May 6, 1998). "Since the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, the determination of relevance is within the district court's discretion." Wright v. Montgomery County, No 96-4597, 1998 WL 848107 at *2 (E.D. Pa. Dec. 4, 1998) (citation omitted).

Stipa's assertion that his testimony has no relevance to plaintiff's complaint is not persuasive. Discovery may encompass matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). See also Gaul v. Zep Mfg. Co., No. 03-2439, 2004 U.S. Dist. LEXIS 1990 at * 3 (E.D. Pa. Feb. 4, 2004). The information plaintiff seeks from Stipa regarding Sentry's policies and activities regarding share account management and its arrangements to provide insurance from GECA is potentially relevant to determining both the contributory principal sum and whether GECA acted in bad faith when plaintiff's coverage level was reduced. As a former president of Sentry, Stipa may hold information regarding Sentry's practices that relates to GECA's conduct regarding plaintiff's

---

[1] "It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." Zukoski v. Philadelphia Elec. Co., No. 93-4780, 1994 U.S. Dist. LEXIS 16187 at *10 (E.D. Pa. Nov. 14, 1994). Despite this "discovery rules are to be accorded broad and liberal construction." Wright, 1998 WL 848107 at *2 (citation omitted).

insurance policy and which bears on plaintiff's claims for bad faith and unfair competition and consumer fraud.  Further, contrary to Stipa's assertion, my January 2004 order did not limit discovery to the correct amount of the contributory principal sum as my order did not pertain to issues not covered by the partial motions for summary judgment.

      Rule 26(b)(2)(i) specifies that discovery of relevant material shall be limited if the court determines that the discovery is unreasonably cumulative or duplicative, or obtainable from a more convenient, less burdensome, or less expensive source.  Rule 26(b)(2)(ii) allows discovery to be limited if "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought."  In addition, Rule 26(b)(2)(iii) provides for a limitation where the burden or expense of the proposed discovery outweighs its likely benefit.  Federal Rule of Civil Procedure 26(c) provides that upon motion of a person from whom discovery is sought, "the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from . . . oppression, or undue burden or expense, including . . . that the . . . discovery may be had only on specified terms and conditions, including a designation of the time or place."  The party wishing to obtain a protective order has the burden of demonstrating that "good cause" exists for the order.  Fed. R. Civ. P. 26(c).  "'Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity.' . . . 'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing."  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (internal citations omitted).

      Stipa has not established that he will suffer from a "clearly defined and serious injury" if

he is required to comply with the subpoena.  Id. (internal citations omitted).  He bears a "heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'"  Wright, 1998 WL 848107 at *2.  While Sentry has produced other documents and witnesses in response to plaintiff's requests, it makes only a broad allegation that it "has undergone significant time, expense, and legal fees in connection with this discovery . . . and has done everything it can to comply with plaintiff's overreaching discovery."  Neither Sentry nor Stipa have provided sufficiently specific examples of how they would be injured by complying with plaintiff's discovery request to persuade me that a protective order is warranted here.

      Weighing the plaintiff's need for information against the injury that might result to Stipa if his deposition is compelled, I conclude that the relevant factors favor denying Stipa's motion for a protective order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSCOE FRANKLIN | : | CIVIL ACTION |
| | : | NO. 02-3359 |
| v. | : | |
| GE FINANCIAL ASSURANCE COMPANY | : | |

**ORDER**

AND NOW, this           day of November 2004, after consideration of Richard Stipa's motion for a protective order and plaintiffs' response thereto, it is ORDERED that movant's motion for a protective order is DENIED and within 30 days Richard Stipa shall submit to a deposition at a time and place mutually convenient to the parties and to him pursuant to Federal Rule of Civil Procedure 45(c)(3)(a)(ii).

s/Thomas N. O'Neill, Jr.
_____
THOMAS N. O'NEILL, JR., J.